UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

**AAFIA SIDDIQUI,**

                Movant,

  -against-                                       14-cv-3437
                                                    (RMB)

**UNITED STATES OF AMERICA,**

                Respondent.

----------------------------------------------------------------X

    PLEASE TAKE NOTICE that upon the annexed declaration of ROBERT J. BOYLE dated May 14, 2014 and all prior proceedings heretofore had herein, the undersigned will move this Court at a date and time to be set by the Court for an order recusing itself from the instant 28 U.S.C. §2255 proceedings and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
         May 13, 2014                         Yours, etc.

                                                        ROBERT J. BOYLE
                                                         351 Broadway
                                                         3rd floor
                                                          New York, N.Y. 10013
                                                          (212) 431-0229
                                                          Rbboyle55@gmail.com
                                                          Attorney for Aafia Siddiqui

TO: Clerk, USDC/SDNY

    United States Attorney
     Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**AAFIA SIDDIQUI,**

                Movant,

    -against-                                         14-cv-3437
                                                                       (RMB)

**UNITED STATES OF AMERICA,**

                Respondent.

-----------------------------------------------------------------X

      ROBERT J. BOYLE, an attorney duly admitted to practice before this Court hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney for Aafia Siddiqui and submit this declaration in support of the instant motion to recuse this Court from the above-captioned 28 U.S.C. §2255 proceeding.

2. In the above-captioned §2255 motion, Dr. Siddiqui requests that the court vacate a judgment of conviction under Indictment 08-CR-826 dated September 23, 2010 convicting her of attempted murder of U.S. nationals in violation of 18 U.S.C. § 2332(b), attempted murder of United States officers and employees in violation of 18 U.S.C. §1114, armed assault of United States officers in violation of 18

1

U.S.C. § 111(b), discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and assaulting United States officers and employees in violation of 18 U.S.C. § 111(a) (three counts).

3. This Court sentenced Dr. Siddiqui to an aggregate term of 86 years imprisonment, five years supervised release and the mandatory $700 assessment.

4. The instant motion should be granted based upon 28 U.S.C. §§ 455(a), in that an objective observer would question this court's impartiality on issues raised in the § 2255 motion. It should also be granted under 28 U.S.C. §§ 455 (b)(1) and (b)(5)(iv) in that the Court may have knowledge of disputed facts and/or might be a material witness.

5. Among the issues raised in the § 2255 motion is whether Dr. Siddiqui was denied her Sixth Amendment right to counsel when, *inter alia*, this Court permitted three privately retained attorneys to represent her at trial over her repeated objection and/or whether those attorneys had an actual conflict of interest.

6. The attorneys were retained by the Government of Pakistan. In negotiations with the attorneys regarding the terms of their retainer and fee agreement, the Government of Pakistan was represented by Husain Haqqani who was then the Ambassador of the Republic of

2

Pakistan to the United States. Upon information and belief, former Ambassador Haqqani also signed the retainer agreements with the attorneys on behalf of the Government of Pakistan.

7. Dr. Siddiqui alleges that the government of Pakistan was responsible for her 2003 arrest and subsequent detention.

8. During a conference on September 2, 2009 and in a letter sent to the court on the same date, Dr. Siddiqui clearly and unequivocally rejected the services of the attorneys hired by the government of Pakistan (T. 9-2-09, p. 7-9, Government letter to court dated September 11, 2009 quoting from Dr. Siddiqui's letter).

9. Dr. Siddiqui was not present in court for the next conference on September 23, 2009. At that conference, this Court stated that it had reviewed the retainer agreements between the government of Pakistan and the three attorneys. The content of those agreements, together with the attorneys' assurances, this court ruled, obviated any need for an inquiry of Dr. Siddiqui pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982). (T. 9-23-09, p. 13-19).

10. Dr. Siddiqui herself was not a party to the retainer agreements. Nor was she provided a draft or executed copy of any of the retainer agreements.

3

11. Among the papers provided by former counsel to deponent was an unsigned copy of one of the retainer agreements. The last page of that agreement is attached hereto as Exhibit 1. It reflects that the anticipated signatory to the agreement was former Ambassador Husain Haqqani. Prior counsel did not provide an executed copy of that retainer agreement.

12. Dr. Siddiqui continued to object to the lawyers' participation. In a November 10, 2009 order, which followed a November 3, 2009 conference (a portion of which was conducted *ex parte*), this Court found no grounds for dismissing the three attorneys or CJA counsel and denied Dr. Siddiqui's related motion for a continuance of the January 19, 2010 trial date (Document #122; T. 11-3-09, p. 90).

13. On several occasions during trial Dr. Siddiqui voiced her continued rejection of counsel. Some of her comments prompted this Court to express its opinion regarding counsel and their work on behalf of Dr. Siddiqui.

14. After one such statement by Dr. Siddiqui wherein she again dismissed counsel (T. 330-331), this Court noted that the attorneys to which she objected had been retained by the government of Pakistan "at great expense". Dr. Siddiqui replied that while that might be true, they were not representing her interests, and stated "[t]hey are

4

respectfully working for other respectful people, not me." (T. 347-48).

15. The government then moved to have Dr. Siddiqui barred from the courtroom. This Court denied their motion. In doing so, the Court made the following statements about defense counsel

> She has by my count some six to eight very skillful attorneys, a dream team if you will, at almost limitless expense. Some of her counsel are paid for by the government of Pakistan – I'm pretty sure I read somewhere that it was up to the tune of $2 million – and other of them are paid for by the United States. They have been afforded, in my judgment, every opportunity to mount their defense, including among other things, one or more trips to Afghanistan for depositions, retention of expert witnesses, etc. Just what one might expect in a criminal trial such as this.

(T. 1167).

16. On January 27, 2010, the Honorable Husain Haqqani, the then Ambassador from Pakistan to the United States and the person who retained the attorneys over Dr. Siddiqui's objections, was present in Court. This Court noted that fact on the record. Additionally, the Court stated that it had met with Ambassador Haqqani prior to the start of the day's proceedings. (T. 1406). Upon information and belief, none of the parties were present during this Court's meeting with Ambassador Haqqani

17. As stated *supra*, Dr. Siddiqui believed that the government of Pakistan was responsible for her 2003 detention and further believed that they were not acting in her interests in her criminal case when they hired defense counsel.  She was neither consulted with, nor made a party to the agreements.  An evidentiary hearing regarding the negotiation of the fee arrangements or terms of the retainer would likely require former Ambassador Haqqani to be a witness in the § 2255 proceedings.  In addition, statements made by Mr. Haqqani (including any made during his meeting with this Court) regarding Pakistan's retention of attorneys to represent Dr. Siddiqui would be an appropriate subject for examination.

18. As argued in the accompanying memorandum of law, the interest of justice would be served if this Court recused itself from this case. Accordingly, the case should be reassigned to a different District Court Judge.

WHEREFORE, for all the foregoing reasons, this Court should issue an an order recusing itself from the above-captioned 28 U.S.C. § 2255 motion and

granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 14, 2014

*/s/ Robert J. Boyle*

ROBERT J. BOYLE