COUNSELORS AT LAW

# DAWN M. CARDI
## & ASSOCIATES

Associate
Chad L. Edgar

Of Counsel
Robert B. Anesi

June 17, 2009

**BY FAX**

David Raskin
Christopher LaVigne
Assistant United States Attorneys
United States Attorney's Office
 For the Southern District of New York
1 St. Andrews Plaza
New York, New York 10007

      Re: United States v. Aafia Siddiqui, 08 Cr. 826 (RMB)

Dear Gentlemen:

  We write to emphasize our view that any information that the government may possess or to which it has access regarding the whereabouts of Aafia Siddiqui between 2003 and 2008 (the so-called missing years) is relevant and subject to disclosure to her counsel. With respect to this issue we would draw attention to the government representations made at the court conference in this proceeding on November 19, 2008. There, the government represented that it had conferred with multiple agencies in the United States and "found zero evidence that Ms. Siddiqui was abducted, kidnapped, tortured, any of the things that we hear about repeatedly out there in the world." Tr. at 7-8. Further, the government stated in its review of "all files," it had "found no information at all about the other two children. They certainly are not in U.S. custody. They certainly were not abducted by U.S. forces." Tr. at 10. The government then proceeded to suggest that it had drawn conclusions as to where Aafia Siddiqui was during the missing years but sharing that information might prove difficult because it was from intelligence agencies and purportedly classified. Tr. at 12. All of which the Court heard and observed that such information "should be shared." Id.

  We recite all of these representations to underscore our concern that we may not be receiving the universe of information that the government has access to respecting Ms. Siddiqui's whereabouts during the missing years. For example, the government stated that it had conferred with multiple agencies about Ms. Siddiqui's possible "abduct[ion], kidnap[ing], torture[]." Tr. 7-8. However, we believe such a statement does not go far enough. We seek to know with which agencies the government conferred (whether domestic or foreign) to establish that these agencies had "zero evidence" of our client's "abduct[ion], kidnap[ing], torture[]." By identifying with which agencies the government conferred, we are in a better position to assess how thorough the conferral process was.

David Raskin and Christopher LaVigne, AUSAs
June 17, 2009
p. 2

Further, when the government stated that it had reviewed "all files" to ascertain the fate of Ms. Siddiqi's two children, what is meant by "all files"? Tr. at 10. For example, does that mean files of only the Federal Bureau of Investigation? Does that also mean files of the Central Intelligence Agency? Files of the Department of Defense? We seek to know exactly what universe of files is within the "all files" review that the government alluded to at this conference.

In light of the new administration in both the Executive Office and the Department of Justice and changed policies that reflect a new openness about what occurred during the so-called "War on Terror" between the years of 2003 and 2008, we view it as incumbent on the government to perform a new search of "files" and confer again with United States agencies to ascertain whether there is any basis to allegations of Ms. Siddiqui's or her children's possible abduction, kidnapping or torture during these years. Please confirm that you have performed new searches and conferrals since November of 2008.

Finally, we will remind the government of its expressed willingness to share so-called classified information with defense counsel regarding any "soft evidence" it has access to with respect to Ms. Siddiqui's whereabouts during the missing years. See Tr. at 12 (government noting that "there probably isn't going to be a lot of hard evidence out there" regarding Ms. Siddiqui's whereabouts during the missing years). Not only do we hope to receive this "soft evidence," we hope to receive it in a timely manner. In saying this, we note that some of the government's disclosures of central pieces of its theory as to Ms. Siddiqui's whereabouts during the missing years were disclosed during the eleventh hour to our view – we refer specifically to the interviews of her son and her ex-husband. Notably, the, seeing as it government was aware of the content of the son's interviews as early as the November 19, 2008 conference but did not disclose the actual interviews to defense counsel until May 26, 2009. We are puzzled, to say the least, as to why it took so long to disclose the son's interviewis relevant to one of the central issues of the competency hearing – Ms. Siddiqui's whereabouts during the missing years.

Should you have any questions or concerns about our questions regarding discovery, feel free to telephone me at the number indicated below.

Very truly yours,

Dawn M. Cardi
DAWN M. CARDI & ASSOCIATES
*Attorneys for Defendant Aafia Siddiqui*
212.481.7770 (tel.)
212.684.3008 (fax)