ROBERT J. BOYLE, an attorney duly admitted to practice law in the State of New York and admitted to the bar of this Court, hereby declares pursuant to 28 U.S.C. §1746 that the following is true and correct based on his personal knowledge information and belief:

1. I submit this declaration in response to this Court's May 20, 2014 Order.

2. The Order directs me to provide written documentation and support for the following statements contained in the affidavits and declarations submitted in support of the Petition for a Writ of Habeas Corpus filed on behalf of Aafia Siddiqui that (a) "along with Tina Foster, Esq., I have been retained by the defendant Aafia Siddiqui to represent her in a motion to vacate pursuant to 28 U.S.C. §2255;" (b) I am "an attorney for Aafia Siddiqui;" (c) I am "authorize[ed] to present the 28 U.S.C. §2255 motion dated May 12, 2014 on behalf of Aafia Siddiqui to this Court;" and (d) I am "authorize[ed] to submit the motion, dated May 14, 2014 to recuse the Court from considering said 28 U.S.C. §2255 motion."

3. The information set forth herein is provided pursuant to court order and for a limited purpose and should not be deemed a waiver of the attorney-client privilege.

4. With respect to items 2(a) through 2(c), above, my response is as follows:

A. In May 2013, I was approached by Dr. Aafia Siddiqui's attorney Tina Foster, Esq. and asked to review the record and non-record facts to determine whether there were any non-frivolous isses that might be raised in a motion to vacate pursuant to 28 U.S.C. § 2255 and/or other post-conviction remedies. I executed a written retainer agreement with Dr. Fowzia Siddiqui, Dr.. Aafia Siddiqui's sister, for that work.

B. I was aware that Dr. Aafia Siddiqui had previously authorized Tina Foster, Esq., to obtain the files of trial counsel for the purposes of preparing a potential §2255 petition. Some documents were covered by a Protective Order dated February 13, 2014. Before I reviewed those documents, I read and signed a copy of that Order and agreed to abide by its terms.

C. On May 5, 2014, I participated in an unmonitored legal telephone call arranged through FMC Carswell, where Dr. Aafia Siddiqui is incarcerated. Ms. Foster and a person who identified herself as Aafia Siddiqui both also participated in the telephone call. I identified myself to Dr. Siddiqui.

D. The conversation lasted approximately one hour. I took contemporaneous notes.

E. Near the end of the call, Ms. Foster and I specifically asked Dr. Siddiqui whether she would authorize us -- Ms. Foster and myself -- to file the 28 U.S.C. §2255 Petition on her behalf. She responded affirmatively.

5.      With respect to Item 2(d), above, it is respectfully submitted that implicit in Dr. Aafia Siddiqui's consent to have me represent her is an authorization to file those pleadings that I determine in my professional judgment are appropriate.

6.      It is further respectfully submitted that any discussion between myself and Dr. Aafia Siddiqui about the motion to recuse, my advice to Dr. Siddiqui and her opinions, if any, on that motion are privileged attorney-client communications and protected from disclosure pursuant to Rule 1.6, New York Rules of Professional Conduct, absent a waiver from Dr. Siddiqui or a further Order of this Court.

Dated:      New York, New York
            May 27, 2014

*[signature]*

ROBERT J. BOYLE