TINA M. FOSTER, an attorney duly admitted to practice law in the State of New York and admitted to the bar of this Court, hereby declares pursuant to 28 U.S.C. §1746 that the following is true and correct based on her personal knowledge information and belief:

1. I submit this declaration in response to this Court's May 20, 2014 Order directing counsel of record in this matter, Robert J. Boyle, Esq. to provide written documentation that Mr. Boyle has "been retained by the defendant Aafia Siddiqui to represent her in a motion to vacate pursuant to 28 U.S.C. §2255."

2. The information set forth herein is provided pursuant to court order and for a limited purpose and should not be deemed a waiver of the attorney-client privilege.

3. I have represented Dr. Siddiqui as her attorney for the past several years in various matters, and routinely meet with her at FMC Carswell.

4. In October 2013, I was authorized by Dr. Siddiqui to obtain from prior counsel the entirety of the record in her case and review it for any meritorious claims which could be brought in U.S. Courts. A copy of Dr. Siddiqui's written authorization is attached hereto as "Exhibit 1".

5. Upon review of the transcript and public documents, I concluded that there were several compelling grounds for seeking post-conviction relief on Dr. Siddiqui's behalf. These included the conflict of interest between the

Government of Pakistan and the attorneys they hired to "represent" Dr. Siddiqui at trial, over her own objections. Due to my representation of Dr. Siddiqui vis-à-vis the government of Pakistan for the past several years, I am a witness to several incidents and events which are the subject of the present litigation. Therefore, I determined that it would be best that I not serve as counsel of record in the present Petition for Writ of Habeas Corpus. For the reasons stated above, Dr. Siddiqui's family and I sought out experienced and expert post-conviction counsel to review the record and evaluate any non-frivolous claims.

6. In approximately May 2013, Dr. Siddiqui's family and I asked attorney Robert Boyle, an expert in post-conviction relief with approximately 30 years of experience in representing clients in the SDNY, to review the record and non-record facts to determine whether there were any non-frivolous claims that could be brought pursuant to 28 U.S.C. § 2255.

7. Some documents were covered by a Protective Order dated February 13, 2014. Before I allowed Mr. Boyle to review those documents, I instructed him to review and execute a copy of that Order and agree to abide by its terms, which he did.

8. On May 5, 2014, I arranged an unmonitored legal telephone call with Dr. Aafia Siddiqui, and introduced her to Mr. Boyle. The conversation lasted approximately one hour. I took contemporaneous notes.

9. Near the end of the call, Mr. Boyle and I specifically asked Dr. Siddiqui whether she would authorize us -- Ms. Boyle and myself -- to file the 28 U.S.C. §2255 Petition on her behalf. She responded affirmatively.

Dated: New York, New York
May 26, 2014

_____
TINA M. FOSTER