

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 17, 2014

**BY FACSIMILE/ECF**

Honorable Richard M. Berman
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    <u>Aafia Siddiqui v. United States</u>
            14 Civ. 3437 (RMB)

Dear Judge Berman:

      The Government writes in response to the letter filed by Robert J. Boyle, counsel of record for the petitioner, Aafia Siddiqui, on September 15, 2014, and pursuant to the September 2, 2014 Order of the Court that Mr. Boyle show cause why the petitioner's pending motion pursuant to Title 28, United States Code, Section 2255 should not be dismissed in light of a letter directed to the Court by Siddiqui, which was dated July 2, 2014, and docketed on July 28, 2014. In that July 2 letter, Siddiqui stated, in sum and substance, that she wished to withdraw her 2255 application and that Mr. Boyle was no longer her counsel in connection with that application or any other matter.

      In his September 15 letter, Mr. Boyle argues that the pending Section 2255 motion should not be dismissed until a further inquiry of Siddiqui is conducted to ensure that she is aware of the potential consequences of voluntarily withdrawing the motion. Mr. Boyle has proposed that the Court conduct an inquiry of Siddiqui to ensure that she understands those potential consequences, either through written correspondence or via telephone conference. Because such an inquiry is not legally required, and because Siddiqui has clearly and unequivocally stated her intention to withdraw the pending Section 2255 petition, as well as her intention to relieve Mr. Boyle, the Government respectfully submits that the Court should dismiss the pending motion without conducting any further inquiry. The Government further submits that the dismissal of the pending Section 2255 petition should be a dismissal without prejudice.

I.   Background

Siddiqui was convicted after trial of, among other offenses, attempting to kill United States nationals, armed assault of United States officers and employees, and discharging a firearm during a crime of violence. The criminal charges arose out of an attempt by Siddiqui, a Pakistani national educated in the United States, to murder United States officials following her capture in Afghanistan in July 2008. On September 23, 2010, this Court sentenced Siddiqui principally to an aggregate term of 86 years' imprisonment. Siddiqui is currently serving her sentence.

Siddiqui timely appealed her conviction, and her conviction was affirmed by decision dated November 5, 2012. Siddiqui subsequently filed a petition for writ of certiorari, which was denied by the Supreme Court of the United States on May 13, 2013.

On May 12, 2014, Siddiqui filed a motion, pursuant to Title 28, United States Code, Section 2255, to vacate her conviction. In the pending motion, Siddiqui makes several claims, all concerning her representation during the underlying criminal case. Specifically, Siddiqui claims that she was denied her Sixth Amendment right to counsel in three different ways. First, she claims that she was forced by the Court to accept the counsel retained by the government of Pakistan (specifically, Linda Moreno, Charles Swift, and Elaine Whitfield Sharp), and thereby denied the right to conduct her own defense. Second, Siddiqui claims that she had a conflict of interest with the attorneys who were retained by the government of Pakistan, and the Court failed to inquire whether she was willing to waive that conflict, thereby denying her right to conflict-free counsel.[1] And third, she claims that the Court abused its discretion when it denied her motion for a continuance of the trial date and substitution of counsel on the basis that there had been a complete breakdown in the attorney-client relationship. Relatedly, Siddiqui also claims that she was denied effective assistance of trial and appellate counsel. Finally, in her motion pursuant to Section 2255, Siddiqui claims that the Government's failure to disclose favorable evidence resulted in a violation of her right to due process.[2]

Siddiqui thereafter wrote to the Court, by letter dated July 2, 2014. In that letter, which was docketed by the Court on July 28, 2014, Siddiqui wrote: "I hereby withdraw my 2255 application and all related filings and also state that Mr. Robert Boyle is no longer representing me in any thing." Siddiqui went on to explain that her reason for withdrawing the pending Section 2255 petition was her refusal to participate in "this system of total injustice" which "has punished and

---

[1] The specific conflict asserted by Siddiqui derives from her claim that the government of Pakistan was responsible for unlawfully arresting and detaining Siddiqui and her three children in March 2003.

[2] The Government is of course prepared to respond to the pending Section 2255 motion and will do so to the extent it is not dismissed. The Government believes that the claims made in the motion are entirely without merit. The record before the Court concerning the issue of Siddiqui's representation in particular was very well developed, and there can be no serious contention that Siddiqui ultimately did not engage with her trial counsel, nor that Siddiqui was anything other than very capably, aggressively and competently represented throughout all proceedings in this case.

tortured me repeatedly, and continues to do so, without my having committed a crime." Siddiqui's letter also notes that she agreed to file the pending Section 2255 motion pursuant to Mr. Boyle's advice, because she was under the impression that doing so might result in her return "home [to Pakistan] diplomatically," but she now understands that such an expectation is not realistic.

   II.   Discussion

   All individuals convicted of a crime and serving a custodial sentence have the option of challenging their conviction and/or sentence by filing a petition pursuant to Title 28, United States Code, Section 2255. That section provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. While a defendant may exercise his or her discretion and file a petition pursuant to Section 2255, there is no requirement that such a filing be made, and indeed many criminal defendants elect not to pursue a remedy pursuant to Section 2255. The ability to pursue relief pursuant to Section 2255 is not an inalienable right which must be expressly, knowingly and voluntarily waived. Further underscoring the optional and discretionary nature of a decision to pursue post-conviction relief pursuant to Section 2255, there is no constitutional right to counsel in connection with proceedings under Section 2255. See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Murden v. Artuz, 497 F.3d 178 (2d Cir. 2007). Similarly, there is no requirement that a defendant be advised, at the time a guilty plea is entered or at the time sentence is imposed, of his or her ability to challenge the resulting criminal conviction in collateral proceedings pursuant to Section 2255 (unless the defendant is affirmatively waiving the ability to pursue post-conviction remedies pursuant to a plea agreement, in which case the defendant must be advised of the waiver).

   Because of the optional, voluntary nature of the pursuit of Section 2255 relief, there is no legal requirement that a criminal defendant be advised about the consequences of his or her decision to pursue or not to pursue such relief. Although he asks the Court to conduct an inquiry in order to ensure that Siddiqui's withdrawal of her Section 2255 petition is a knowing and voluntary withdrawal, fully informed by the possible consequences, counsel for the petitioner has not cited any case law suggesting that such an inquiry is required, and the undersigned is aware of no authority to that effect. Indeed, taking counsel's request to its logical end, imposing such an inquiry obligation at this stage effectively would mean that district courts are required to advise all criminal defendants at the time of conviction about post-appellate remedies that may be available to them, and the consequences of pursuing or not pursuing them.

Moreover, there is every reason to conclude, on the record presented by counsel for the petitioner, that Siddiqui's decision to withdraw her Section 2255 motion is the product of considered reflection and decision making. Mr. Boyle's letter notes that during a telephone call between Siddiqui and other post-appellate counsel, Tina Foster, on August 8, 2014, more than one month after Siddiqui wrote the July 2 letter, Siddiqui explained that she declined to accept Mr. Boyle's legal mail (specifically, a letter mailed by Mr. Boyle on July 31, 2014, which letter advised Siddiqui of the consequences of withdrawing her habeas petition) because "she did not want her acceptance of it to be construed later as an assent to [Mr. Boyle's] representation and/or a continuation of the § 2255 motion." (Boyle Letter at 3, n.2.) Accordingly, it is clear that Siddiqui's July 2 letter was not an impulsive one, nor one conveying a fleeting desire that was immediately regretted after its initial expression.

Additionally, it appears that Siddiqui <u>has</u> been advised by counsel, at least in part, of the potential consequences of voluntarily withdrawing the pending Section 2255 petition, and counsel's view that such a voluntary withdrawal is not advisable. Mr. Boyle's letter states that Siddiqui was in fact informed of "some of the consequences of withdrawing the § 2255 motion" during the above-referenced August 8 telephone call with Ms. Foster. Mr. Boyle does not specify what exactly was conveyed to Siddiqui in this regard, nor how she responded. Mr. Boyle also suggests that during this conversation, Siddiqui was upset, and accordingly may not have fully appreciated the consequences of her decision as those consequences were relayed to her by Ms. Foster. During the same call, however, it appears that Siddiqui was able to confirm her receipt of legal correspondence from the Court, and also explain her rationale for refusing legal mail from Mr. Boyle. (Boyle Letter at 2 and 3, n.2.) However ill-advised in the view of counsel, Siddiqui is entirely within her rights to decide, as it appears she has, to withdraw her motion pursuant to Section 2255.

For the above reasons, the Government respectfully submits that Siddiqui's petition for relief pursuant to Section 2255 should be dismissed, without further inquiry, and that said dismissal be without prejudice.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

by: ___/s/_____
    Jenna M. Dabbs
    Assistant United States Attorney
    (212) 637-2212

cc:     Robert Boyle, Esq. (by ECF/email)