**ROBERT J. BOYLE**
Attorney At Law
277 Broadway
Suite 1501
New York, N.Y.  10007
(212) 431-0229
Rjboyle55@gmail.com


September 19, 2014

The Honorable Richard M. Berman
United States District Judge
500 Pearl St.
New York, N.Y.  10007

                      Re: *Siddiqui v. United States*
                          14-cv-3437 (RMB)

Dear Judge Berman:

      This letter is respectfully submitted in reply to the September 17, 2014 letter submitted by the government.

      The government argues that warnings to Dr. Siddiqui are unnecessary because they are not constitutionally required in this 28 U.S.C. §2255 motion. But that is not determinative. Congress intended to give habeas petitioners "one full opportunity" for meaningful collateral review. *Ching v. United States*, 298 F.3d 174, 177 (2nd Cir. 2002) citing *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2nd Cir. 2001). That is why both the United States Supreme Court and the United States Court of Appeals for the Second Circuit have required, pursuant to the supervisory power, that District Courts give warnings to pro se prisoners before construing post-conviction filings as 28 U.S.C. §2255 motions. *Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 583 (2nd Cir. 1998).  As recognized in *Thai v. United States*, 391 F.3d 491 (2nd Cir. 2004), there is no meaningful distinction between construing a *pro se* motion as a §2255 and the *pro se* withdrawal of a §2255. Under either scenario, the prisoner could be deprived of their "one full opportunity" for collateral review.[1]

      It is agreed that should the 28 U.S.C. §2255 motion be dismissed, it should be dismissed without prejudice. However, that would not obviate the need for warnings to Dr. Siddiqui. Should the motion be dismissed without prejudice, a subsequently filed  28 U.S.C. §2255 motion. would likely be deemed untimely, at least with respect to claims currently raised in the

---

[1] For all practical purposes Dr. Siddiqui is now *pro se*. She has no communication with counsel and has elected, on her own, to withdraw the instant §2255 motion.

motion.[2]  At a minimum, therefore, Dr. Siddiqui should be advised that the claims currently in the §2255 motion could not be raised again and that any subsequent motion would have to be based upon facts of which she is currently unaware.

For the foregoing reasons and the reasons stated in my letter of September 15, the instant petition should not be dismissed unless and until Dr. Siddiqui is advised of the legal consequences of withdrawal.

Respectfully submitted,

/s/*Robert J. Boyle*
ROBERT J. BOYLE
Attorney for Aafia Siddiqui

RJB:bms

cc: AUSA Jenna Dabbs (via ECF)

   Dr. Aafia Siddiqui (via first class mail)

---

[2] The instant motion was filed on May 12, 2014, one day before the expiration of the one year AEDPA limitations period.