USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: *10/9/14*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

AAFIA SIDDIQUI,

                    Petitioner,                              **DECISION & ORDER**

          -against-                                          14 Cv 3437

UNITED STATES OF AMERICA,

                    Respondent.
--------------------------------------------------------------X

          Having thoroughly reviewed the record herein, including (i) Petitioner's motion to

vacate, set aside or correct sentence of Aafia Siddiqui,, a Pakistani neuroscientist educated at

M.I.T. and Brandeis, filed on May 12, 2014 pursuant to 28 U.S.C. § 2255 ("§ 2255 Application"

or "Petition"); (ii) Affidavits of Tina M. Foster, Esq., ("Foster") dated May 26, 2014 and May

29, 2014; (iii) Letters of Robert J. Boyle Esq.'s ("Boyle") to the Court, dated June 5, 2014,

September 9, 2014, September 15, 2014 and September 19, 2014; (iv) Aafia Siddiqui's letters,

dated October 18, 2013 and May 21, 2014, addressed to counsel and "To Whom It May

Concern," respectively, and her letter to the Court, dated July 2, 2014[1] (all three of the Siddiqui

letters are attached hereto as Exhibit A); (v) the Government's letters to the Court, dated August

29, 2014 and September 17, 2014; (vi) the prior proceedings herein and in 08 cr 826; and (vii)

applicable legal authorities, the Court hereby dismisses Siddiqui's § 2255 Application as

follows:

          1- In filing the § 2255 Application, and a separate motion to recuse the Court, Mr. Boyle

---

[1]Dr. Siddiqui's October 18, 2013 letter was addressed to attorneys Elaine Sharp, Dawn
Cardi, Chad Edgar, Charles Swift, Linda Moreno, Elizabeth Fink, Gideon Oliver, Sarah
Kunstler. Her May 21, 2014 letter was addressed "To Whom it May Concern".

1

and Ms. Tina Foster (who appears "of counsel" on the § 2255 Application but has never filed a notice of appearance or appeared in person in this case) purported to represent Dr. Siddiqui. See e.g., Transcript of proceedings held on May 19, 2014 at 8:22-25 and 9:1-3 (Mr. Boyle: "Your Honor, I was brought into the case by Tina Foster . . . who submitted an affidavit for Dr. Siddiqui. And I also can represent that I have personally spoken with Dr. Siddiqui on the telephone from FMC Carswell, and she agreed to my representation and authorized the filing of this [2255] motion. And I'm retained.")

2- In filing the § 2255 Application and the motion to recuse, Mr. Boyle relied upon the letter, dated October 18, 2013, from Dr. Siddiqui which states: "Please be advised that I have retained Tina Foster as my attorney to represent me in U.S. Courts." He also relied upon his phone conversation with Dr. Siddiqui. See Affidavit of Tina Foster, dated May 26, 2014 ("Mr. Boyle and I specifically asked Dr. Siddiqui whether she would authorize us - - Mr. Boyle and myself - - to file the 28 U.S.C. § 2255 Petition on her behalf. She responded affirmatively.") And, in response to the Court's Order, dated May 20, 2014, Mr. Boyle also relied upon the letter, dated May 21, 2014, from Dr. Siddiqui to Tina Foster, in which Dr. Siddiqui stated: "To whom it may concern: I confirm that: I have authorized attornies Tina Foster and Robert Boyle to file a legal case on my behalf, specifically section 2255 motion to vacate and related filings." See also June 5, 2014 Boyle Letter.

3- In her July 2, 2014 letter directly to the Court, Dr. Siddiqui states, among other things, as follows: "Judge Berman I hereby withdraw my 2255 application and all related filings and also state that Mr. Robert Boyle is no longer representing me in any thing. . . Mr. Boyle gave me a different impression - that he could get me home diplomatically without even a treaty - so I agreed to file this 2255 per his advice. Since I have found out the reality to be contrary to the

2

impression I got, I withdraw my appeal (2255) and all related filings. Thank you. [Signed] Aafia Siddiqui July 2, 2014." (July 2, 2014 Letter from Dr. Siddiqui to Judge Richard M. Berman.)

 4- On July 8, 2014, the Court denied the recusal motion, dated May 15, 2014, stating, among other things, "The Court's greeting of a foreign dignitary [the Pakistani Ambassador to the United States who came to observe Dr. Siddiqui's trial on January 27, 2010] in this case did not and could not reasonably have any influence on this Court's case determinations and/or the proceedings before it. The Court's goal throughout this case was and is to conduct all proceedings fairly, efficiently, and transparently." (Transcript of proceedings held on July 8, 2014 at 10:21-25, 11:1.)

 5- The letter from Aafia Siddiqui, dated July 2, 2014, clearly and unequivocally withdraws her § 2255 Application and rejects the representation of her by Mr. Boyle. (And, Dr. Siddiqui's intention to withdraw the § 2255 Application has been corroborated by Mr. Boyle. See September 15, 2014 Boyle Letter at 3 fn2: "Dr. Siddiqui told Ms. Foster that she did not intend her rejection of my [Boyle] letter [to Dr. Siddiqui] as a personal affront. Rather, she did not want her acceptance of it to be construed later as an assent to my representation and/or continuation of the § 2255 motion.")

 6- Assuming, arguendo, that it had been necessary to reach the merits of the 2255 Application, i.e., if it had not been withdrawn by Dr. Siddiqui, the Court would likely have denied the Application. The § 2255 Application, alleges, among other things, that in the underlying criminal case (08 cr 826), Dr. Siddiqui's right to counsel and to effective assistance of counsel were denied. Mr. Boyle argues that "Dr. Siddiqui expressed her distrust of all current counsel. This included expressing a belief that third-party counsel represented the interests of the Pakistani government, whom she believed may have played a role in her 2003 arrest and

3

detention and her current situation." (§ 2255 Application at 4 ¶ 9.)

7- During her trial and appeal (which affirmed both Dr. Siddiqui's conviction and her
sentence (see, United States v. Siddiqui, 699 F.3d 690 (2d Cir. 2012)), Dr. Siddiqui was
represented by a very able team of lawyers, two of whom, Dawn Cardi and her associate Chad
Edgar, were appointed under the Criminal Justice Act ("CJA").[2] Attorneys Elaine Sharp,
Charles Swift, and Linda Moreno were retained for the trial by the Government of Pakistan
pursuant to Article 36 of the Vienna Convention. Ms. Sharp had a prior (and perhaps current)
relationship with Dr. Siddiqui and her family and she appeared in Court on August 5, 2008 well
before her retention by the Government of Pakistan. The retainer agreement was submitted ex
parte and reviewed in camera by the Court; it is dated July 25, 2009. See, e.g., Transcript dated
August 5, 2008, 2:14-18 (CJA Attorney Elizabeth Fink: "Elizabeth Fink, for Ms. Siddiqui. I
would like to introduce to the Court Gideon Oliver, who works with me, and Elaine Sharp, who
is an attorney in the District of Massachusetts, who has been retained by the family over the last
period of time, but not by Ms. Siddiqui for the purposes of this proceeding.") Ms. Sharp was
also introduced in court as the attorney for Dr. Siddiqui. See, e.g., Transcript dated September 4,
2008, 5:25, 6:1 (Ms. Sharp: "Aafia Siddiqui has asked me to represent her in this case as well.").

8- By letter, dated August 20, 2009, attorneys Linda Moreno, Elaine Sharp and Charles
Swift advised the Court as follows: "We have been retained to represent Dr. Siddiqui by the
Government of Pakistan under the auspices of the Islamic Republic of Pakistan, through its
Embassy in Washington, D.C. Our representation, both contractually and professionally,

---

[2]During trial, Dr. Siddiqui was represented by Dawn Cardi, Chad Edgar, Elaine Sharp,
Linda Moreno and Charles Swift. Only Dawn Cardi and Chad Edgar worked on Dr. Siddiqui's
appeal.

4

commits us to Ms. Siddiqui's defense until the completion of the case in the district court. The agreement is exclusively for the benefit of Dr. Siddiqui and presents no ethical conflicts to our representation. There are no contingencies and no conditions that would terminate such representation. . . [O]ur agreement to represent Dr. Siddiqui is exclusively for her benefit . . ." Defense letter dated August 20, 2009 at 1. And, on September 11, 2009, defense counsel stated: "We can assure the Court that our duty of loyalty to Dr. Siddiqui is intact and we will advocate on her behalf until the end of the proceedings against her." Defense letter dated September 11, 2009, 2009 at 12.

9- The Court held a full hearing on November 3, 2009, including an ex parte (sealed) proceeding with Aafia Siddiqui and her defense counsel, and extensive written and oral submissions of counsel. Following that hearing, the Court confirmed in a written order, dated November 10, 2009, [08 cr 826, #122], that there was no potential conflict of interest attending the legal services provided by attorneys Swift, Moreno and Sharp to Dr. Siddiqui. The Court also found, among other things, the following: (i) Dr. Siddiqui had not developed any alternate legal representation arrangement; (ii) Dr. Siddiqui did not seek to represent herself; and (iii) defense counsel were not foreclosing any of Dr. Siddiqui's legal options. (Order dated November 10, 2009, [08 cr 826, #122].)

10- The Government shares the Court's view as to the merits of the § 2255 Application: "The record before the Court concerning the issue of Siddiqui's representation in particular was very well developed, and there can be no serious contention that Siddiqui ultimately did not engage with her trial counsel, nor that Siddiqui was anything other than very capably, aggressively and competently represented throughout all proceedings in this case." (Government Letter dated September 17, 2014 at 2 fn2.)

5

11- Prior to trial, the Court also conducted a thorough competency hearing to assess Dr.
Siddiqui's competence to stand trial, including written submissions from the Government and
defense counsel, each of whom had retained their own experts.[3] The Court issued a written (36
pp) Order finding that Dr. Siddiqui was competent to stand trial. (Order dated July 29, 2009 [08
cr 826, #74].) The Court found: "Dr. Siddiqui has sufficient present ability to consult with her
lawyers with a reasonable degree of rational understanding and she also has a rational as well as
a factual understanding of the proceedings against her. The Court conclude[d] that she
understands the nature of the charges and can assist with her defense." (Order dated July 29,
2009 at 17. [08 cr 826, #74].) The Court also stated: "In making its assessment of the
Defendant's competency, this Court has relied upon the forensic evaluations conducted, the
testimony and demeanor of witnesses at the Competency Hearing, the depositions, the medical
records of the Defendant as well as the exhibits in evidence, and the Court's observations of Dr.
Siddiqui in the courtroom." (Order dated July 29, 2009 at 33. [08 cr 826, #74].)

12- In sum, the Court finds that Dr. Siddiqui has withdrawn the § 2255 Application and
Mr. Boyle's representation and that, assuming arguendo, it had been necessary to reach the
merits, the Application would likely have been denied.[4]

---

[3]Two psychiatrists, Sally C. Johnson and Gregory B. Saathoff, called by the Government
opined that Dr. Siddiqui was competent. A psychologist, L.Thomas Kucharski, retained by the
defense testified that Dr. Siddiqui was not competent. See Report dated March 16, 2009 by Sally
C. Johnson M.D. Professor, Department of Psychiatry, The University of North Carolina at
Chapel Hill; Report dated March 15, 2009 by Gregory B. Saathoff M.D., Diplomate, American
Board of Psychiatry and Neurology; and Report dated June 20, 2009 by L.Thomas Kucharski,
Ph.D., Chair, Department of Psychology, John Jay College of Criminal Justice.

[4]Any issues raised in this proceeding not specifically addressed herein, were considered
by the Court and rejected.

## Conclusion & Order

Based upon the foregoing, the Petition is dismissed. The Clerk is respectfully directed to

close this case.

Dated: New York, New York
       October 9, 2014

$RMB$

**RICHARD M. BERMAN, U.S.D.J.**

Oct. 18, 2013.

## Exhibit A (3 letters)

**1)**

To: Dawn Cardi, Chad Edgar, Elaine Sharp, Charles
Swift, Linda Moreno, Elizabeth Fink, Gideon
Oliver, Sarah Kunstler.

Please be advised that I have retained Tina
Foster as my attorney to represent me in U.S.
courts. Please transfer <u>all</u> materials, documents, notes,
etc. to her immediately.

Thank You,
Sincerely,
Aarfia Siddiqui.

---

**2)**

<u>To whom it may concern:</u>
I confirm that:
I have authorized attornies Tina Foster and Robert
Boyle to file a legal case on my behalf, specifically section 2255
motion to vacate and related filings

Aafia Siddiqui.
May 21, 2014

---

To: Judge Berman

**3)**

I hereby withdraw my 2255 application and all related filings
and also state that Mr. Robert Boyle is no longer representing me
in any thing.

My reason for doing the above is that I refuse to participate in
this <u>system of total injustice</u> that has punished and tortured me
repeatedly, and continues to do so, without my having committed
a crime. I cannot delude myself into thinking that the same
element who gave me 86 years for Captain Snyder's shooting <u>me</u>
and almost killing me, will give me <u>any</u> justice!

Mr. Boyle gave me a different impression — that he would get
me home diplomatically without even a treaty — so I agreed to file
this 2255 per his advice. Since I have found out the reality to be
contrary to the impression I got, I withdraw my appeal (2255)
and all related filings.

Thank You,
Aafia Siddiqui
July 2, 2014